[Civ. No. 9488.   Third Dist.   Aug. 12, 1959.]

KARL SCHRAMKO, Appellant, v. W. THOMAS SAULTER, Respondent.

Barnett & Robertson for Appellant.

Geary, Spridgen & Moskowitz for Respondent.

VAN DYKE, P. J.—Plaintiff has appealed from a judgment for defendant based upon the verdict of a jury in a personal injury action. Plaintiff was riding on a truck being operated by defendant. The accident occurred on a narrow, curving highway in Mendocino County on a clear, dry afternoon. Respondent was driving his loaded truck up a steep grade at a speed of approximately 6 miles an hour, when the vehicle suddenly jumped out of gear. Respondent immediately applied both the tractor and trailer brakes in an effort to come to a complete stop. Upon such application of the brakes the truck tilted and rolled. The load consisted of lumber which appellant had purchased at a lumber yard, and which respondent was hauling to appellant's residence. One of the issues was as to whether or not appellant was a guest of respondent. Upon this issue, which was submitted to the jury under appropriate instructions, the evidence was conflicting, but the jury were told that if they found appellant was respondent's guest then their verdict should be for respondent, it not being contended that there was evidence of such conduct as would warrant recovery by a guest. Respondent had pleaded the affirmative defense of contributory negligence on the part of appellant and had also requested an instruction on the doctrine of assumption of risk. The jury were instructed that if appellant had been guilty of contributory negligence as defined, or had assumed the risk of injury as defined, the verdict must be for respondent.

In support of his appeal the appellant charges irregularity in the proceedings of the jury, insufficiency of evidence to justify the verdict, error in law in the receipt of evidence over objection and error in instructions. We find it unnecessary to discuss all assignments.

When appellant and respondent arrived at the lumber yard appellant selected lumber fitted for his purpose and the lumber was loaded on the truck by a forklift operator. Three bundles were loaded and at that time conversation occurred between the lift operator, the respondent and appellant. Two bundles had been placed on the bed of the trailer and a third had been put on top of the two. Respondent remarked he thought that enough lumber had been loaded as any more would make the load "a little high." The lift operator replied

"they go out of here all the time with four units on." Appellant said he wanted respondent to take all he could. Thereupon the top bundle was moved and a fourth added to the load. There were then two bundles on the bottom and two on the top. It is admitted that the load was then no higher than it had been, although it was, of course, heavier and differently positioned. Respondent testified that so far as the added weight was concerned that factor was immaterial as the truck had sufficient capacity to carry the added load. He argues, however, that the different disposition of the lumber and the added weight together made the load "topheavy and out of balance." The record does not disclose however that appellant was informed of this. He was only told that putting on the additional bundle would make the load a little high. He was not told that being a little high or that putting on the fourth bundle made the load topheavy and out of balance or that in any way the addition of the extra bundle created a condition which made it dangerous to drive the truck over the road. Respondent was the owner and operator of the truck and experienced in the operation of hauling lumber. Appellant had no such experience and no such knowledge as to safe and proper methods of loading lumber upon trucks to be operated over mountain grades. Although the court correctly defined assumption of risk to the jury, nevertheless it was error to instruct them at all upon the subject because, as a matter of law, appellant had not assumed the risk of riding on an improperly loaded truck. The record does not show that he either knew or was charged with knowledge of the specific risk which he incurred by riding with the respondent.

It was likewise error for the court to instruct the jury upon the matter of contributory negligence since the record does not disclose any negligent conduct on the part of appellant. He had nothing to do with the operation of the truck and although he expressed a wish to take the additional bundle of lumber if it could be done he did not thereby act carelessly since he could assume that if the added weight would be beyond the truck's capacity or that if the loading of the extra bundle would be dangerous respondent, charged with the operation of the truck, and experienced in such matters, would have at least warned him that it was negligent to add the fourth bundle. We are unable to find any negligent conduct on the part of the appellant. It was error, therefore, to instruct upon the issue of contributory negligence.

It is unnecessary to discuss any further assignments of error since it is obvious that for the giving of instructions upon assumption of risk and contributory negligence the judgment appealed from must be reversed and it is so ordered.

Peek, J., and Schottky, J., concurred.